[Civ. No. 7725. Third Dist. Aug. 25, 1950.]

JOHN RICHARD SCHMIDT, a Minor, etc., Appellant, v. JOHN B. SEARS et al., Respondents.

Joseph C. Tope and Harry C. Stanley for Appellant.

Neumiller, Ditz, Beardslee & Sheppard for Respondents.

ADAMS, P. J.—This action was brought by John Richard Schmidt, a minor about 11 years old, by his father as guardian *ad litem*, to recover damages for injuries sustained by said minor, when, as he alleges, he was struck, hit and run over by a semitractor truck owned by defendants Ben and John F. Vogel, and driven by defendant John B. Sears, their employee. The accident occurred about 7:45 p. m., October 24, 1944, when the semitractor was making a right turn from East Lindsay Street onto Eugenia Street in Stockton. Plaintiff alleged and contended at the trial that he was walking in the space provided for pedestrians at the southwest corner of the intersection, and that in making the turn the driver of

the truck negligently operated his vehicle and caused it to run over his left foot and leg, crushing the foot and also injuring his right leg and hip.

Defendants denied negligence on their part, and alleged contributory negligence on the part of plaintiff. Trial of the issues before a jury resulted in a verdict for defendants, a new trial was denied, and plaintiff has appealed from the judgment which followed.

Appellant's first assignment of error is that the trial court erred in giving the following instruction:

"In this case the answer of the defendants denies negligence and sets up the defense of contributory negligence. Contributory negligence presupposes that the plaintiff did not exercise due care for his own safety and that his failure so to do proximately contributed to his own injuries. It is an affirmative defense and must be proved by a preponderance of the evidence, unless it can be shown or inferred from the evidence given in support of plaintiff's case. But when it has been established it is a complete defense to the action. If you find, therefore, that the plaintiff in this case was negligent and that his negligence proximately contributed in any degree to the accident, then and in that event, you must find against the plaintiff. And this is true even though you should find that the defendant was also negligent, or that he was more negligent than the plaintiff."

Appellant argues that the word "presupposes" in such instruction carried the implication that plaintiff was negligent, and that the jury were in effect told by the court that he was negligent, that it placed the burden of establishing lack of contributory negligence upon plaintiff and did not state that such an affirmative defense must be proven by defendants.

While not commending the instruction as a model, we do not think that it implied that the boy was negligent, especially when considered in connection with the instructions which preceded and followed it. The court had previously stated that in applying the law to the facts of the case it was necessary that the jury fully understand certain legal terms and definitions. It then advised them that before a plaintiff could recover damages for the negligence of another he must show, not only that the other was negligent, but that such negligence proximately caused his injuries; what constitutes proximate cause; the necessity that plaintiff prove negligence

by a preponderance of the evidence; the meaning of preponderance of the evidence, and that of negligence and ordinary care. Then followed the paragraph which appellant attacks. Apparently the court there was defining or attempting to define "contributory negligence." It is obvious that there could not be contributory negligence without negligence, or, as the court said, a failure to exercise due care for his own safety; but the instruction then continued to assert, in effect, that to constitute contributory negligence such failure to exercise due care must have proximately contributed to his own injuries. It was then stated that contributory negligence is an *affirmative defense* which must be proven by a preponderance of the evidence, unless shown or inferred from evidence given for plaintiff. Then the court, by what followed in the paragraph, left it to the jury to find, first whether the boy was negligent, and second whether his negligence proximately contributed to the accident. We cannot assume that the jurors did not know the meaning of affirmative defense, or that it must be shown by the defendants, especially since the words "unless it can be shown or inferred from the evidence given in support of plaintiff's case," so indicated. Furthermore, the jury were instructed immediately thereafter that where negligence is not predicated upon the violation of a statute it devolves upon a party asserting it to show that the other party failed to act as a reasonably prudent person would have acted, and that failure to do so proximately caused or contributed to the accident; also that if defendant obeyed the law applicable and did all that an ordinarily prudent person would have done in the circumstances to avoid the accident, he was not chargeable with negligence; and that "the same rule applies to plaintiff with reference to the charge of contributory negligence."

Such instruction was then followed by further instructions as to the duties of persons driving motor vehicles upon public streets, the right of one, himself upon a highway and proceeding in a lawful manner, to assume that others will obey the law, and what constitutes a highway, a roadway, a sidewalk and an intersection. ▆ The jury were then advised that if they found that plaintiff was a pedestrian on the sidewalk, and using due care, and that the driver of the truck drove his vehicle upon the sidewalk and struck and injured plaintiff, it would be their duty to find for plaintiff; that "If, after considering all the evidence in this case, you find that the accident

might have been caused in several different ways but you cannot determine what was the proximate cause of said accident and the resulting injuries, if any, to plaintiff, then your verdict must be in favor of defendants." It also stated that the instructions should not be understood as conveying any intimation whatever that in the opinion of the court plaintiff had or had not made out a case.

Appellant also purports to find reversible error in the latter above quoted language, saying that it assumes that there may have been more than one cause of the accident, and that the evidence showed but one cause, to wit, that Sears drove his vehicle across the sidewalk as "the only other possible cause would have to be the doubtful inference based on the assumption that plaintiff was in the roadway as defined by Vehicle Code Section 83 at the time the contact occurred." But we cannot say that such an inference could not have been drawn from the evidence. It was not contended by plaintiff that the front end of defendants' equipment crossed the sidewalk, but only that the semitrailer portion did so. Sears testified that he made the turn so as to bring the rear end of his equipment out so it would clear the curb or the corner; also that there were trucks parked on both sides of the street into which he turned, which made it more necessary for him to "hit the center" than it would have been otherwise. He drew upon the map introduced in evidence the position of his equipment when it came to rest, and stated that the truck could not have been turned as plaintiff contended or he could not have got through the street, and gave his opinion that the right rear wheels were 5 or 6 feet from the sidewalk when he made the turn.

Plaintiff's own evidence showed that at the time of the accident he and his father were returning from a trip to a market on Lindsay Street, that the boy was proceeding some 10 or 12 feet in front of his father, and that they were bound for their home on the opposite side of Eugenia Street when Sears made his turn into that street. All that the criticized instruction advised was that if the jury were satisfied that there was no negligence on the part of defendant Sears, and that the accident did not result from his negligence, and they were satisfied that there was an accident but could not determine the proximate cause of same, under such circumstances they must find for defendants. This was but another way of saying that under such circumstances plaintiff had not met the burden cast upon him of proving by a preponderance

of the evidence that Sears was negligent. We cannot see how the giving of such instruction caused injury to plaintiff's cause.

Appellant's next assignment of error is that the court failed to give the following instruction proposed by him: "You are instructed that contributory negligence is not based upon a possibility of avoiding an accident. The plaintiff, John Richard Schmidt, cannot be charged with contributory negligence simply because he might have avoided the accident had he acted differently. If said John Richard Schmidt did all that an ordinarily prudent person would have done under the circumstances to avoid the accident, then I instruct you that the plaintiff, John Richard Schmidt, was not guilty of any contributory negligence." The matter stated in said proposed instruction was adequately covered in other instructions given by the court, particularly by the following:

"If you find from the evidence presented in this action by a preponderance thereof that plaintiff herein, John Richard Schmidt, was a pedestrian on the sidewalk of East Lindsay Street in the City of Stockton, County of San Joaquin, State of California, on the 24th day of October, 1944, and while he was such a pedestrian, and using due care, the defendant herein, John B. Sears, did then and there drive and operate a semi tractor truck from the roadway on said Lindsay Street to and upon the sidewalk on which said John Richard Schmidt was at said time a pedestrian and thereby said semi tractor truck struck and injured said John Richard Schmidt, then it will be your duty to find for the plaintiff and against the defendants."

This stated the exact contention of appellant and his father, that Sears drove his vehicle over the sidewalk, and there struck and injured plaintiff. We think that the instructions as a whole fairly and adequately instructed the jury.

And as to plaintiff's contention that the evidence is insufficient to support the judgment it is inferable that the jury did not accept the testimony of plaintiff and his father as to how the accident occurred, and that they found no negligence on the part of the driver. There was evidence regarding the nature of the boy's injuries which rendered his story of how they were sustained doubtful. The medical report showed that injuries to his foot, the left one, were fractures of three small bones on the outside thereof; that there was no fracture of the big toe nor of the ankle. The equipment and its load weighed approximately 31 tons, and had same run

over the boy's foot undoubtedly it would have severely crushed same and broken his ankle. Also originally no complaint was made to the doctor about any injury to the right hip, nor did that doctor note any, though he made a thorough examination to determine the extent of plaintiff's injuries. Some months later there was complaint of pain in the right knee, but it was not until April, 1946, that plaintiff told a different doctor that he had been struck a blow on the right hip in the accident; but that doctor stated that pain in that leg may well have been attributable to the extra burden imposed upon it because of the injuries to the left foot.

The jury apparently having resolved conflicts in the evidence in favor of defendants, and the trial court having denied plaintiff's motion for a new trial, which was based in part on alleged insufficiency of the evidence, we are bound by those conclusions.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.